Approved: _____
Anden F. Chow
Assistant United States Attorney

Before:   HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

16 mag 3093

- - - - - - - - - - - - - - - - x
                                :    **SEALED COMPLAINT**
UNITED STATES OF AMERICA        :
                                :    Violations of
          - v. -                :    21 U.S.C. §§ 812,
                                :    841(a)(1),
MICHAEL GORDON,                 :    841(b)(1)(B), and 846
                                :
               Defendants.      :    COUNTY OF OFFENSE:
                                :    ORANGE
                                :
- - - - - - - - - - - - - - - - :
                                :
                                x

SOUTHERN DISTRICT OF NEW YORK, ss.:

     Andrei Petrov, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

                         COUNT ONE

     1.   From at least in or about January 2016 up to and
including in or about April 2016, in the Southern District of
New York and elsewhere, MICHAEL GORDON, the defendant, and
others known and unknown, intentionally and knowingly did
combine, conspire, confederate, and agree together and with each
other to violate the narcotics laws of the United States.

     2.   It was a part and an object of the conspiracy that
MICHAEL GORDON, the defendant, and others known and unknown,
would and did distribute and possess with intent to distribute a
controlled substance, in violation of Title 21, United States
Code, Section 841(a)(1).

3.    The controlled substance involved in the offense was 500 grams and more of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.    I am a Special Agent with the FBI, and I have been involved in the investigation of the above-described offense.  I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, including my review of pertinent documents and recordings, my participation in surveillance, and my conversations with other individuals, including fellow law enforcement officers.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents or recordings, or the actions, statements or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.    Between at least in or about January 2016 through in or about April 2016, a confidential informant ("CI-1"),[1] in conjunction with undercover law enforcement officers ("UC-1" and "UC-2") in separate instances, made multiple controlled purchases of narcotics from MICHAEL GORDON, the defendant, at the direction of law enforcement.  The total weight of the narcotics purchased was approximately 327 grams.[2]  The circumstances of four of these purchases are described in detail below.

The February 9, 2016 Purchase

6.    On or about February 9, 2016, CI-1 contacted an individual known to CI-1 as "Michael Gordon" at the direction of

[1] CI-1 was originally paid by law enforcement for assistance with this investigation.  During the course of the investigation, CI-1 was arrested and charged in the state with criminal possession of stolen property.  CI-1 has continued to assist law enforcement in hopes of receiving leniency on the pending charges.  CI-1 has provided information that has been reliable and corroborated.

[2] This weight includes the packaging of the drugs.

2

law enforcement to arrange for the purchase of cocaine.  CI-1 spoke with Gordon several times on the phone while I and another law enforcement officer monitored the conversations in real-time.  During the conversations, CI-1 asked to purchase one ounce of cocaine.  Gordon informed CI-1 that cocaine would be placed under the front passenger floor mat in a pick-up truck parked in the driveway of a residence at 29 City Terrace North, Newburgh, New York (the "City Terrace Address").

7.    I have spoken with another law enforcement officer, who was conducting surveillance at the City Terrace Address. The officer informed me, in substance and in part:

> a. An individual arrived at the City Terrace Address and pulled up next to a white pick-up truck parked outside the City Terrace Address.
>
> b. Prior to conducting surveillance, the law enforcement officer had reviewed law enforcement records associated with MICHAEL GORDON, the defendant, and viewed a picture of GORDON contained within.  The individual who arrived at the City Terrace Address appeared to be the same individual as contained in law enforcement records.
>
> c. GORDON walked over to the truck, opened the passenger door, leaned inside the cabin, and then returned to his vehicle and departed.
>
> d. CI-1 and UC-1 arrived at the City Terrace Address a few minutes later.  UC-1 retrieved a plastic baggie containing a white powdery substance, which later tested positive for cocaine, from the floor in front of the passenger seat of the white pick-up truck and left buy money in the same location where the drugs were found.
>
> e. Minutes later, law enforcement observed an individual ("Individual-1") come out of the City Terrace Address and retrieve the money.

The February 23, 2016 Purchase

8.    On or about February 23, 2016, CI-1 met with MICHAEL GORDON, the defendant, at the direction of law enforcement to arrange for the purchase of cocaine.  Prior to the meeting, CI-1

was provided with an audio recording device.  Based on my
conversation with CI-1 afterwards and my review of the
recording, I understand that during the meeting, in substance
and in part:

> a. GORDON complained about how he had given
>    Individual-1 a quantity of cocaine to sell but
>    Individual-1 had failed to provide the money
>    from the sales to GORDON in a timely fashion.
>
> b. GORDON also described how he had stashed eleven
>    and a half ounces[3] of cocaine in a hiding place
>    that Individual-1 knew about.  Two nights
>    later, GORDON noticed that five and a half
>    ounces were missing and GORDON suspected that
>    Individual-1 had stolen it.
>
> c. GORDON advised CI-1 that he could sell cocaine
>    to CI-1 that night and price per ounce was
>    $1,000.  CI-1 asked to purchase two ounces.
>    GORDON responded that he would deliver it to
>    the same location as the previous time.

9.    Later in the day, CI-1 contacted GORDON by phone at
the direction of law enforcement.  During the conversation,
which I and another law enforcement officer monitored in real-
time, GORDON confirmed that the delivery would be made at 8 p.m.

10.    I have spoken with another law enforcement officer,
who was conducting surveillance on the City Terrace Address.
The officer informed me, in substance and in part:

> a. GORDON arrived at the City Terrace Address at
>    approximately 8 p.m.  GORDON parked his vehicle
>    and then walked over to the passenger side of a
>    white pick-up truck.  GORDON placed something
>    inside the truck and then returned to his
>    vehicle and departed.
>
> b. Several minutes later, UC-2 arrived at the City
>    Terrace Address and retrieved two packages of a
>    white, powdery substance that later tested
>    positive for cocaine from the white pick-up
>    truck.  UC-2 placed the buy money in the
>    vehicle and departed.

---

[3] Based on my training and experience, I am aware that eleven and
a half ounces is approximately 322 grams.

c. After UC-2 left the City Terrace Address, two males drove up.  One of the males exited the vehicle and retrieved the money from the white pick-up truck.

<u>The March 22, 2016 Purchase</u>

11.   On or about March 22, 2016, CI-1 contacted MICHAEL GORDON, the defendant, at the direction of law enforcement to arrange for the purchase of cocaine.  During the phone conversation, which I and another law enforcement officer monitored in real-time, CI-1 asked to purchase four ounces of cocaine.  GORDON told CI-1 that he would place the drugs in a vehicle at the City Terrace Address.  GORDON instructed CI-1 to leave the money in the vehicle where the drugs would be located, as done in previous deals.  GORDON advised CI-1 to be there no later than 5:30 p.m. to pick up the drugs.

12.   I have spoken with a law enforcement photographer, who was conducting surveillance on the City Terrace Address, and who informed me, in substance and in part:

a. GORDON arrived at the City Terrace Address at approximately 5:20.  GORDON exited his vehicle and approached a black car parked at the back of the City Terrace Address before returning to his car and departing.

b. Several minutes later, CI-1 arrived at the City Terrace Address and retrieved four packages of a white, powdery substance that later tested positive for cocaine from the black car.  CI-1 left placed the buy money in the vehicle and departed.

c. After CI-1 left the City Terrace Address, two males drove up.  One of the males exited the vehicle and retrieved the money from the white pick-up truck.  Law enforcement followed the two unknown males and observed meet up with GORDON outside a commercial establishment a short distance away.

13.   After the transaction, CI-1 informed me that at approximately the time when GORDON returned to his car after approaching the black car at the City Terrace Address, CI-1 received a text message from Gordon advising that the drugs were in a black car.

5

## The April 27, 2016 Purchase

14.   On or about April 27, 2016, CI-1 contacted MICHAEL
GORDON, the defendant, at the direction of law enforcement to
arrange for the purchase of cocaine.  During the phone
conversation, which I and another law enforcement officer
monitored in real-time, CI-1 asked to purchase four ounces of
cocaine.  GORDON told CI-1 to meet him in the vicinity of a
location on Stewart Avenue in Newburgh, New York.

15.   CI-1 was outfitted with an audio recording device and
provided with buy money.  CI-1 then drove to Stewart Avenue
under law enforcement surveillance.  Law enforcement observed
CI-1 meet with GORDON and another individual ("Individual-2").
GORDON advised CI-1 to wait at that location and someone would
deliver the drugs.  GORDON and Individual-2 departed and
returned shortly thereafter.  Individual-2 approached CI-1 and
gave CI-1 four plastic baggies in exchange for the buy money.

16.   CI-1 departed Stewart Avenue and proceeded to a
predetermined location to meet with law enforcement.  CI-1
handed over the four plastic baggies, three of which contained a
white powdery substance that later tested positive for cocaine,
and one of which contained unknown white pills.

17.   After a review of the baggies contents, CI-1 contacted
GORDON at the direction of law enforcement.  During the
conversation, CI-1 complained about being tricked into receiving
unknown pills instead of cocaine, as agreed upon.  GORDON
responded that it must have been a mistake and agreed to bring
CI-1 another ounce of cocaine.

18.   CI-1 was given the plastic baggie of unknown pills and
again outfitted with an audio recording device.  CI-1 proceeded
back to Stewart Avenue under law enforcement surveillance, where
CI-1 met with GORDON.  GORDON took back the pills and agreed to
bring CI-1 another ounce of cocaine.  GORDON left and returned
to Stewart Avenue shortly thereafter.  GORDON handed a plastic
baggie to Individual-2, who, in turn, handed it to CI-1.

19.   CI-1 departed Stewart Avenue and met with law
enforcement at a predetermined location.  CI-1 handed over a
plastic baggie containing a white powdery substance that later
tested positive for cocaine.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of MICHAEL GORDON, the defendant, and that he be imprisoned or bailed, as the case may be.


_Andrei Petrov_
Andrei Petrov
Special Agent
Federal Bureau of Investigation


Sworn to before me this
13th of May, 2015


_Judith C. McCarthy_
HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York